# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AGUIRRE-PALACIOS, BOP #27890-298,<br><br>                Plaintiff,<br><br>vs.<br><br>JOHAN DOE #1, United States Customs and Border Protection Officer,<br><br>                Defendants. | Civil No.   13cv3103 LAB (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2)**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**<br><br>**AND**<br><br>**(3) DENYING MOTION FOR U-VISA CERTIFICATION (ECF Doc. No. 6)** |

Jose Aguirre-Palacios ("Plaintiff"), currently incarcerated at the Giles W. Dalby Correctional Facility in Post, Texas, claims his Fourth and Eighth Amendment rights were violated on June 6, 2011, when he was apprehended while attempting to enter the

/ / /

/ / /

United States from Mexico at the Calexico, California, Port of Entry.[1] *See* Compl. (ECF Doc. No. 1) at 1, 3-4.

Specifically, Plaintiff alleges Defendant Doe, an unidentified U.S. Customs and Border Patrol Protection Officer, struck him in the testicles while searching him for drugs. *Id.* at 5. Plaintiff seeks $15 million in general and punitive damages. *Id.* at 10. Plaintiff has initiated this action using the Court's form civil rights complaint pursuant to 42 U.S.C. § 1983, but he also invokes jurisdiction pursuant to the Federal Tort Claims Act, and *Bivens v. Six Unknown Names Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Id*. at 1.

Plaintiff has not prepaid the $400 statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2). Plaintiff has also filed a Motion for U-Visa Certification (ECF Doc. No. 6).

# I.

## PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay

---

[1] The Court takes judicial notice of Plaintiff's conviction pursuant to a plea agreement entered on November 28, 2011 for importation of 16.58 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960 in *United States v. Aguirre-Palacios*, S.D. Cal. Criminal Case No. 11cr3758-JM (ECF Doc. No. 21). *See Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

[2] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has finally submitted a certified certificate of his inmate trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's certificate, issued by a trust account official at Giles W. Dalby Correctional Facility where he is currently incarcerated, which shows an average monthly balance of $13.24, average monthly deposits of $58.85, and an available balance in his account of $.07 at the time it was submitted to the Court for filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $11.77 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Warden of the Giles W. Dalby Correctional Facility, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. See 28 U.S.C.

1  § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing
2  a civil action or appealing a civil action or criminal judgment for the reason that the
3  prisoner has no assets and no means by which to pay the initial partial filing fee.");
4  *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"
5  preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to
6  the lack of funds available to him when payment is ordered."). The remaining balance
7  of the $350 total owed in this case shall be collected and forwarded to the Clerk of the
8  Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal

quotation marks and citation omitted).  Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

First, while Plaintiff has initiated this action by using the Court's form civil rights complaint pursuant to 42 U.S.C. § 1983, his allegations of excessive force by an unidentified United States Customs and Border Protection Officer cannot proceed under the Civil Rights Act.  42 U.S.C. § 1983 creates an action for damages against persons "acting under color of any statute, regulation, custom, 1983 claims or usage of any State or Territory or the District of Columbia."  The provisions of the Civil Rights Act do not apply to persons alleged to act pursuant to federal, as opposed to state or local law. *Wheeldin v. Wheeler*, 373 U.S. 647, 650 n.2 (1963).

Second, while Plaintiff also invokes jurisdiction pursuant to the Federal Tort Claims Act (FTCA), *see* Compl. at 1, an FTCA action may not be brought against an individual defendant.  Title 28 U.S.C. § 1346(b) gives district courts exclusive jurisdiction over claims against the United States, but it does not confer jurisdiction over individual government employees. *Hooker v. U.S. Dep't of Health & Human Servs.*, 858 F.2d 525, 531 (9th Cir. 1988).  "'While *Bivens* is a judicially created cause of action against *federal officers* arising under the United States Constitution, ... the FTCA imposes liability on the *United States government* for acts by its employees that constitute torts in the state where the conduct occurred." *Tekle v. United States*, 511 F.3d 839, 850 n.8 (9th Cir. 2007) (quoting *Ting v. United States*, 927 F.2d 1504, 1513 (9th Cir. 1991) (emphasis in *Tekle*).

/ / /

Finally, because Defendant Doe is identified as a U.S. Customs and Border Protection Officer, Plaintiff may seek damages based on an alleged constitutional violation pursuant to *Bivens*, 403 U.S. at 388. Plaintiff alleges Officer Doe used excessive force while effecting his arrest at the Calexico Port of Entry on June 6, 2011 in violation of the Fourth and Eighth Amendments. *See* Compl. at 1, 4-7.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994), *quoting Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). The Fourth Amendment explicitly addresses government searches and seizures. U.S. Const., amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ... but upon probable cause...."). The Fourth Amendment also "provides an explicit textual source of constitutional protection against ... physically intrusive government conduct," including excessive force during a search or seizure. *Graham*, 490 U.S. at 395. Plaintiff's excessive force claims therefore cannot be based on the Eighth Amendment. *See id.*; *Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) (Eighth Amendment's Cruel and Unusual Punishments Clause "was designed to protect those convicted of crimes," and consequently the Clause applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

Plaintiff's Fourth Amendment unreasonable force claims against Officer Doe, however, are time-barred. Statutes of limitations in *Bivens*, like section 1983 actions, are defined by the law of the forum state. *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). In California, the relevant statute of limitations is that for personal injury actions. *Western Center for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000). In California, the statute

of limitations is two years. *See Maldonado*, 370 F.3d at 954-55; CAL. CODE CIV. PROC. § 335.1.

"'Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.'" *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace v. Kato*, 594 U.S. 384, 391 (2007). Put another way, "a cause of action accrues when the plaintiff knows or has reason to know of the injury." *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (citations and quotations omitted); *Maldonado*, 370 F.3d 945, 955 (9th Cir. 2004) (citing *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999)). The cause of action accrues, however, even though the "full extent of the injury is not then known or predictable." *Wallace*, 594 U.S. at 391. There is no federal tolling of constitutional torts while plaintiff is subject to criminal prosecution. *See id.* at 394-95.

Here, Plaintiff claims Officer Doe struck him in the testicles while searching him pursuant to his arrest at the Calexico Port of Entry on June 6, 2011. *See* Compl. at 1, 4-5. Therefore, Plaintiff "knew or ha[d] reason to know" the basis of his Fourth Amendment claim in June of 2011. *Maldanado*, 370 F.3d at 955. However, he did not file this action until December 18, 2013, more than two years later, and clearly outside California's two-year statute of limitations for personal injury suits. *Id.*

And while state law may provide a basis for tolling, *see Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485-86 (1980) (when borrowing state-prescribed limitations provisions, federal courts may also enforce coordinate tolling rules developed by the state so long as they are not inconsistent with federal law or policy), Plaintiff does not allege any facts to suggest how or why California' two-year limitations period might be subject to either statutory or equitable tolling under the circumstances. *Cf. Matthews v. Macanas*, 990 F.3d 467, 469 (9th Cir.

1993) (noting that CAL. GOV'T CODE § 945.3 which tolls the statute of limitations in a related civil action against a California "peace officer" while criminal charges are pending does *not* apply to federal officers); CAL. CODE CIV. PROC. § 352.1 (providing 2 years of statutory tolling for California prisoners serving a term of "less than life"); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (describing three conditions required to equitably toll a statute of limitations under California law).

Accordingly, the Court finds that Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446. To the extent Plaintiff's Fourth Amendment claims may proceed under *Bivens*, the face of his pleading reveals that his claims are untimely; therefore he currently fails to state a claim upon which *Bivens* relief may be granted. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling).[3]

### III.
### MOTION FOR U-VISA CERTIFICATION

Plaintiff has also filed a document entitled "Motion for U-Visa Certification" (ECF Doc. No. 6).

///

---

[3] While Plaintiff will be provided an opportunity to amend his Fourth Amendment claim, he is hereby cautioned that he must also identify the individual United States Customs and Border Protection Agent he seeks to sue sufficiently such that service of process upon that person can be effected. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that plaintiff proceeding IFP must "furnish[] the information necessary to identify the defendant," or face a FED.R.CIV.P. 4(m) dismissal based on U.S. Marshal's inability to effect service), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Nester v. Arpaio*, 2007 WL 2007 WL 63608 *2 (D. Ariz. Jan. 8, 2007) (unpub.) (noting that the use of John or Jane Doe-type appellations to identify defendants is not favored because as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon a Doe defendant); *Cornejo v. Unknown Agents of the United States Marshal Service*, 1994 WL 443681 at *2 (N.D. Cal. 1994) (unpub.) (dismissing complaint with leave to amend because "as the complaint [stood], the court [could] discern no defendant upon whom service could be effective ordered.").

A "U-Visa" confers non-immigrant status under certain circumstances on aliens who have been the victim of certain types of criminal activity in the United States. *See* 8 U.S.C. § 1101(a)(15)(U).[4]

Because the Court has dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A, his Motion for U-Visa Certification is moot. *See Alaska Ctr. for Env't v. United States Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999) (an action is mooted when the issues presented are no longer live and therefore the parties lack a legally cognizable interest for which the courts can grant a remedy."). "Mootness can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003). Thus, "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citing *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002).

Even if Plaintiff's motion were not moot, however, this Court's general federal question jurisdiction pursuant to *Bivens* does not extend so far as to confer further jurisdiction over questions of Plaintiff's eligibility for a U-Visa under 8 U.S.C. § 1101(a)(15)(U). The United States Citizenship and Immigration Services (USCIS) has

///

---

[4] Congress created the "U" non-immigrant classification for certain victims of criminal activity pursuant to the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. 106-386, 114 Stat. 1464 (2000). *Lee v. Holder*, 599 F.3d 973, 974 (9th Cir. 2010). Under the statute, a non-citizen may qualify for a U-Visa if the Secretary of the Department of Homeland Security determines that he "has suffered 'substantial physical or mental abuse' as a result of qualifying criminal activity" and can show that he "'has been helpful, is being helpful, or is likely to be helpful' to law enforcement authorities that are investigating or prosecuting the crime." *Id.* (quoting 8 U.S.C. § 1101(a)(15)(U)(i)). A U-Visa Form I-918 Supplement B "serves as certification of the non-immigrant's helpfulness," *see* 8 U.S.C. § 214.14(c), and the "law enforcement agency, prosecutor, judge, or other authority *that has responsibility for the detection, investigation, prosecution, conviction, or sentencing* of the qualifying criminal activity," may provide that certification. *See Baiju v. U.S. Dept. of Labor*, 2014 WL 349295 at *6, 20 (E.D. N.Y. Jan. 31, 2014) (emphasis added) (finding no cases "in which a federal judge has granted U-Visa certification to a party involved in a civil proceeding before the court" that had no "involvement in an ongoing investigation or prosecution of qualify criminal activity.").

sole jurisdiction over such relief.  *See* 8 C.F.R. § 214.14(c)(1); *Lee v. Holder*, 599 F.3d 973, 975-76 (9th Cir. 2010).

For these reasons, Plaintiff's Motion for U-Visa Certification (ECF Doc. No. 6) must be DENIED.

## IV.
### CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED.

2. The Warden of the Giles W. Dalby Correctional Facility, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Stephen Mcadams, Warden, Giles W. Dalby Correctional Facility, 805 North Avenue F, Post, Texas, 79356.

IT IS FURTHER ORDERED that:

4. Plaintiff's Motion for U-Visa Certification (ECF Doc. No. 6) is DENIED; and

5. Plaintiff's Complaint is DISMISSED without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is GRANTED forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading identified in this Order.  Plaintiff's Amended Complaint must be complete in itself without reference to

1  his original pleading.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard
2  Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading
3  supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation
4  omitted) ("All causes of action alleged in an original complaint which are not alleged in
5  an amended complaint are waived.").[5]

DATED:  February 11, 2014

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[5] Finally, Plaintiff is cautioned that should his Amended Complaint still fail to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).